**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EMILIO RAMOS DE LA LUZ,

Petitioner,

v. Case No. 1:26-cv-00096 KWR-GBW

GEORGE DEDOS, *Warden, Cibola County Detention Center*,
MARY DE ANDA-YBARRA, *Field office Director, El Paso, U.S. Immigrations and Customs Enforcement,*
PAMELA BONDI, *U.S. Attorney General,*
DAREN K. MARGOLIN, *Director for the Executive Office of Immigration Review,*
TODD LYONS, *Acting Director of Immigration and Customs Enforcement,*
*and* KRISTI NOEM*, Secretary of the U.S. Department of Homeland Security*,

Respondents.

**ORDER TO ANSWER**

THIS MATTER comes before the Court *sua sponte*. Having reviewed the Petition, the Court (1) orders Petitioner to serve the Petition and this Order on the Respondents and (2) orders the Respondents to answer the Petition within **twenty-one (21) days** of service of the Petition and this Order.

Petitioner filed this habeas petition under § 2241 challenging his detention by the United States Immigration and Customs Enforcement. The Court may apply the § 2254 habeas rules to this § 2241 petition. *See* § 2254 Habeas Rules, Rule 1(b) ("The district court **may apply any or all** of these rules to a habeas corpus petition not covered by Rule 1(a)") (emphasis added). Moreover, the Court may apply the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas rules. § 2254 Habeas Rules, Rule 12.

Generally, Respondents need not answer a habeas petition until the Court has ordered an answer. § 2254 Habeas Rules, Rule 4. Habeas Rule 4 grants a district judge discretion to set a time for respondents to answer or otherwise respond to the habeas petition. *Id.* ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.").

Having reviewed the Petition, the Court concludes that the claims must be resolved on a full record, including an answer from Respondents. Therefore, the Court directs Petitioner to serve copies of this Order and the Petition on the appropriate Respondents. Petitioner shall file a certificate of service on the record. Moreover, Respondents shall answer the Petition within **twenty-one (21) days** of service of this Order and the Petition. *See* § 2254 Habeas Rules, Rule 4 (granting court discretion to fix a time to file an answer). The answer must address the merits of the Petition and attach all relevant evidence the Respondents wish the Court to consider. Petitioner shall file a reply within **seven (7) days** of the filing of the answer.

**IT IS THEREFORE ORDERED** that Petitioner serve copies of this Order and the Petition on the appropriate Respondents and file a certificate of service on the record.

**IT IS FURTHER ORDERED** that the Respondents shall answer the Petition within **twenty-one (21) days** of service of this Order and the Petition. The answer must address the merits of the Petition and attach all relevant evidence or documents Respondents wish the Court to consider. If Respondents file a motion to dismiss, they are warned that the Court *will* construe it as an answer to the Petition, and grant or deny habeas relief without ordering a further answer. If Respondents fail to timely answer after appropriate notice or service, the Court may proceed to rule on the Petition without further notice.

**IT IS FURTHER ORDERED** that Petitioner shall file a reply brief within **seven (7) days** of the filing of the answer. The Court will interpret any motion to dismiss as an answer, and the Petition will be considered fully briefed upon the filing of Petitioner's reply, unless supplemental briefing is ordered by the Court.

**IT IS FINALLY ORDERED** that the parties must **immediately** alert the Court if any changes to Petitioner's detention or his immigration proceedings would affect the outcome of this habeas case.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE